FILED
SUPERIOR COURT
OF GUAM

2018 MAR 29 PM 2: 17

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0011-18 |
| vs. | **DECISION AND ORDER** |
| TIMOTHY JOSEPH JUNIOR CRUZ, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on February 28, 2018, for hearing on Defendant Timothy Joseph Junior Cruz's ("Defendant") Motion to Reduce Family Violence Charges to Misdemeanors. Defendant was not present but was represented by counsel Assistant Public Defender Richard S. Dirkx, and Assistant Attorney General J. Basil O'Mallan III was present on behalf of the People of Guam ("the Government"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On January 12, 2018, Defendant was indicted with the following charges: (1) Family Violence (As a Third Degree Felony) – 2 Counts, in violation of 9 G.C.A. §§ 30.10(a)(1) and 30.20(a); (2) Strangulation (As a Third Degree Felony) – 2 Counts, in violation of 9 G.C.A. §§ 19.80(a) and (b); (3) Family Violence (As a Misdemeanor) – 2 Counts, in violation of 9 G.C.A. §§ 30.10(a)(1) and 30.20(a); and (4) Criminal Mischief (As a Misdemeanor), in violation of 9

G.C.A. 34.50(c) and 34.60(c), as amended. These charges stem from alleged events occurring on or about January 5, 2018. *See* Decl. of Monica Jo Q. Aguon, Magistrate's Compl., Jan. 6, 2018.

According to the Declaration attached to the Magistrate's Complaint, on January 5, 2018, in the evening, Defendant returned home and accused the alleged Victim, Briana Blas Aguon, of cheating on him, snatched her phone out of her hand, mounted her and placed both hands around her neck and strangled her. *Id.* When Defendant released the Victim, he began looking through her phone and then punched her on the inside of her right thigh with his right fist. *Id.* The Victim claimed she needed to use the restroom so she could leave the room and ran outside of the house to seek help. *Id.* Defendant followed her out shouting at her while carrying a knife in his right hand, tip down with his arms outstretched from his side. *Id.* As the Victim approached another residence, she saw several men standing outside, and that Defendant hid the knife in his front right shorts pocket. *Id.* Defendant grabbed the Victim by the neck with his right hand and briefly attempted to strangle her again. *Id.* Defendant threw the Victim's phone on the ground, breaking the phone, then picked up and threw it again a second time, and then picked it up a third time then thrusting it at the Victim, striking and cutting her left hand. *Id.* When officers went to conduct a suspect check at the Victim's residence, Defendant barricaded himself inside the residence, challenged the officers to come in and get him, and stated he would rather die than go back to jail. *Id.* Officers observed Defendant with knives in his hand yelling that he was going to kill himself before they took him. *Id.* Defendant was eventually persuaded to exit the residence. *Id.*

On January 17, 2018, at Arraignment, Defendant asserted his right to speedy trial. Jury Selection and Trial was set to commence on February 28, 2018.

On February 13, 2018, Defendant filed an Ex Parte Motion to Reduce Felony Family Violence Charges to Misdemeanors.

On February 15, 2018, at the Motion Hearing, the Government requested a one week continuance to be able to file a written response to the motion. Defendant was released with

conditions, and the Motion Hearing was continued to February 28, 2018 in lieu of the Jury Selection and Trial.

On February 20, 2018, the Government filed its Opposition to the Motion.

On February 28, 2018, the Court heard brief oral arguments on the Motion and subsequently placed the matter under advisement.

## DISCUSSION

Guam law gives the Court the statutory authority and discretion to reduce a felony charge to a misdemeanor charge when the offense involves the crime of Family Violence. *See* 9 G.C.A. § 30.20(b) ("Upon a written, noticed motion prior to the commencement of trial, the defendant may move that a felony charge filed pursuant to this § 30.20, other than a felony charge filed pursuant to § 30.20(a)(3), be reduced to a misdemeanor."). The Court is to consider seven factors when determining whether to reduce a Family Violence charge from a felony to a misdemeanor:

(1) the extent or seriousness of the victim's injuries;
(2) the defendant's history of violence against the same victim whether charged or uncharged;
(3) the use of a gun or other weapon by the defendant;
(4) the defendant's prior criminal history;
(5) the victim's attitude and conduct regarding the incident;
(6) the involvement of alcohol or other substance, and the defendant's history of substance abuse as reflected in the defendant's criminal history and other sources; and
(7) the defendant's history or and amenability to counseling.

9 G.C.A. § 30.20(c). *See also People v. Perez*, 1999 Guam 2 ¶ 12 ("The Family Violence Act is a comprehensive statutory scheme that, when viewed as a whole, demands that the prosecuting attorney take into account a defendant's ability to move for a reduction of a felony charge. In the exercise of its discretion, the court is permitted to entertain such a motion and is statutorily required to consider the list of seven factors in its determination of the appropriateness of a felony charge of Family Violence."). The Court's discretion is limited in two ways: (1) if the Court finds substantial evidence that a victim suffered serious bodily injury, a felony family

violence charge may not be reduced to a misdemeanor unless, due to unusual circumstances, such a reduction is manifestly in the interest of justice, or (2) if its' a defendant's third offense. *See* 9 G.C.A. §§ 30.20(d) and 30.20(a)(3). The Court notes that it only has the parties' pleadings and the Declaration attached to the Magistrate's Complaint before it for review.

The first factor for the Court to consider is "the extent or seriousness of the victim's injuries." 9 G.C.A. § 30.20(c)(1). The Court is to consider the extent or seriousness of the victim's injuries as they were inflicted, not as the defendant may have attempted to cause or recklessly risked causing. *See* 9 G.C.A. § 30.20(b), (c)(1). Here, Defendant argues that the CSI photographs do not show extensive injuries and the alleged victim refused medical treatment. (Mot. at 4). According to the Declaration attached to the Magistrate's Complaint, the alleged victim reported pain to her neck, and officers observed three small cuts to the back of her left hand and one to the first knuckle on her left middle finger. (Decl. of Monica Jo. Q. Aguon, Magistrate's Compl., Jan. 6, 2018). Serious bodily injury is defined as "bodily injury which creates: serious permanent disfigurement; a substantial risk or [sic] death or serious permanent disfigurement, severe or intense physical pain or protracted loss or impairment or consciousness or of the function of any bodily member or organ." 9 G.C.A. §16.10(c). Based on the facts presented, the alleged Victim suffered bodily injury, but not serious bodily injury. This factor is equivocal, and neither weighs in favor of nor against the motion.

The second factor is "the defendant's history of violence against the same victim whether charged or uncharged." 9 G.C.A. § 30.20(c)(2). Defendant argues that he does not have a history of violence against the alleged victim, and the Government has not argued nor presented any evidence of a history of violence against the alleged victim. The Court understands that there have been no previous charges of violence by the Defendant against the alleged victim, nor has there been any other indication that he has committed any uncharged violent acts against the victim. Therefore, this factor weighs in favor of granting the motion.

The third factor is "the use of a gun or other weapon by the defendant." 9 G.C.A. § 30.20(c)(3). Here, although no firearm was described, Defendant is alleged to have brandished a knife when he chased the alleged victim when she tried to leave the residence to get help.

Although Defendant denies holding a knife when he interacted with the alleged victim and shouted at men outside of another residence, he admits in his motion that he threatened to hurt himself with two knives when the police came to his house to investigate. (Mot. at 2). The Court finds that this factor weighs against granting the Motion.

The fourth factor is "the defendant's prior criminal history." 9 G.C.A. § 30.20(c)(4). Defendant has two prior criminal matters: CF0103-17, where he plead guilty to the charge of Terrorizing (As a Third Degree Felony); and CM0956-15, where he entered into a deferred plea agreement to the charge of Harassment (As a Misdemeanor). *See* Plea Agreement & Judgment in CF0103-17, Aug. 10, 2017; Deferred Plea Agreement & Order After Hearing in CM0956-15, May 3, 2016. Although Defendant's charge of harassment was not a violent crime, it was based on Defendant threatening a school resource officer that he was going to meet up with him outside of school with his gun and a knife. Additionally:

> A person is guilty of terrorizing if he communicates to any person a threat to commit or to cause to be committed a crime of violence dangerous to human life, against the person to whom the communication is made or another, and the natural and probable consequence of such a threat, is to place the person to whom the threat is communicated or the person threatened in reasonable fear that crime will be committed.

9 G.C.A. § 19.60(a). The Court finds that this factor weighs against granting the motion, especially considering that Defendant changed his plea to the charge of Terrorizing in CF0103-17 less than six months prior to the alleged events that make up the basis for the instant case occurring.

The fifth factor is "the victim's attitude and conduct regarding the incident." 9 G.C.A. § 30.20(c)(5). Neither Defendant nor the Government provide the Court with any information regarding the victim's attitude and conduct regarding the incident. Defendant's motion indicates that the "defense has been unable to locate [the] alleged victim" to obtain that information, and the Government's Opposition does not give the Court any additional information. Accordingly, the Court finds that this factor neither weighs in favor of or against the motion.

The sixth factor is "the involvement of alcohol or other substance, and the defendant's history of substance abuse as reflected in the defendant's criminal history and other sources." 9 G.C.A. § 30.20(c)(6). No allegations of alcohol or substance abuse have been made in this matter and the Court lacks any other information on whether Defendant has a history of substance abuse. Therefore, the Court finds that this factor is equivocal, and neither weighs in favor of nor against the motion.

The seventh and last factor is "the defendant's history of and amenability to counseling." 9 G.C.A. § 30.20(c)(7). Defendant indicates in his motion a willingness to do counseling, and that he would be amenable to it. (Mot. at 4). The Court is aware that Defendant has counseling provisions in both of his plea agreements for his prior cases, and that in at least the misdemeanor matter his counseling was closed at Client Services and Family Counseling. The Court has no other information about Defendant's history of counseling. Without more, the Court also finds that this factor is equivocal, and neither weighs in favor of nor against the motion.

Therefore, the Court, considering all seven factors, finds that the two counts of Family Violence charged as a Third Degree Felony should remain as charged and DENIES Defendant's Motion to Reduce Family Violence Charges to Misdemeanors.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Reduce Felony Family Violence Charges to Misdemeanors. As Defendant remains in asserted status, Jury Selection and Trial will commence on ___**APR 13 2018**___ at 1:30 p.m. The parties are to return for a Pre-Trial Conference on ___**APR 09 2018**___ at _10 am_.

**IT IS SO ORDERED** this 29th day of March, 2018.

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:
_A G's, PDSC_

Date: MAR 29 2018  Time: 2:30pm

Deputy Clerk, Superior Court of Guam

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

*People v. Cruz*
Case No.CF0011-18
Decision and Order